Lyndon Genoso, Pro se
1456 Princess Manor Court
Chula Vista, CA 91911

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNDON GENOSO, | )<br>) '08 CV 0837 W NLS |
| Plaintiff, | )<br>) |
| vs. | ) CASE NO. 08-CV-<br>) |
| COUNTRYWIDE HOME LOANS, a domestic corporation, and HSBC MORTGAGE CORPORATION, USA, | )<br>)<br>)<br>) |
| Defendants, | )<br>) |

VERIFIED COMPLAINT

AND EMERGENCY MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER

COMES NOW the Plaintiff, LYNDON GENOSO, pro-se, and sues Defendants COUNTRYWIDE HOME LOANS, and HSBC MORTGAGE CORPORATION, USA, and as grounds therefore would state as follows:

PRELIMINARY STATEMENT

1.

1. This Complaint is filed under the Truth in Lending Act, 15 U.S.C. section 1601 hereinafter called the "Act") to enforce the plaintiff's right to rescind a consumer credit transaction, to void the DefendantS security interest in the Plaintiff's home, and to recover statutory damages, reasonable fees and cost by reason of the Defendants violations of the Act and Regulation Z, 12 C.F.R. section 226 (hereinafter called "Regulation Z"). Plaintiff also seeks damages for Defendant's violations of the Deceptive and Unfair Trade Practices Act 15 U.S.C. chapter 2 subchapter 1 section 45.

JURISDICTION

2.

Jurisdiction is conferred on this Court by 15 U.S.C. section 1640 (e) and 28 U.S.C. sections 1331, 1337. The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. section 2201.

## PARTIES

3.

The Plaintiff, LYNDON GENOSO, is a natural person residing at 1456 Princess Manor Court, Chula Vista, California 91911.

4.

Defendant COUNTRYWIDE is a corporation engaged in the business of mortgage financing at Van Nuys, California 91410.

5.

Defendant HSBC is a corporation engaged in the business of mortgage financing doing business within this District.

6.

At all times material hereto, the Defendants, in the ordinary course of its business, regularly extended, or offered to extend, consumer credit, for which a finance charge is or

may be imposed or which, by written agreement, is payable in more than four installments.

## FACTUAL ALLEGATIONS

7.

On or about _____ Plaintiff entered into a consumer credit transaction ("the transaction") with Defendants COUNTRYWIDE and HSBC in which the extended consumer credit was subject to a finance charge and which was initially payable to the Defendants.

8.

As part of this consumer credit transaction, the Defendants retained a security interest in 1456 Princess Manor Court, California 91911, which is Plaintiff's home.

9.

1   Said transaction is subject to the Federal Truth in Lending Act, 15 U.S.C. 1601 et

2

3   seq.

4

5                                         10.

6

7   A true and correct copy of the note and mortgage evidencing the Defendant's

8

9   security interests is attached.

10

11                                FIRST CAUSE OF ACTION

12

13                                        11.

14

15   This consumer credit transaction was subject to the Plaintiff's right of rescission

16

17   as described by 15 U.S.C. section 1635 and Regulation Z, 12 C.F.R. section 226.23.

18

19                                        12.

20

21   In the course of the consumer credit transaction Defendants violated 15 U.S.C.

22

23   Section 1635 (a) and Regulation Z section 226.23 (b) by failing to deliver to the Plaintiff

24

two copies of a notice of the right to rescind that:

    a. Identified the transaction.

    b. Clearly and conspicuously disclosed the security interest in the Plaintiff's home.

    c. Clearly and conspicuously disclosed the Plaintiff's right to rescind the transaction.

    d. Clearly and conspicuously disclosed how to exercise the right to rescind the transaction, with a form for that purpose designating the address of Defendant's place of business.

    e. Clearly and conspicuously disclosed the effects of the transaction.

    f. Clearly and conspicuously disclosed the date the rescission period expired.

13.

The disclosure statement issued in conjunction with this consumer credit transaction, violated the requirements of Truth in Lending and Regulation Z in the following and other respects:

    a. By failing to include in the finance charge certain charges imposed by

The Defendant payable by Plaintiff incident to the extension of credit as required by 15 U.S.C. section 1605 and Regulation Z, section 226.4, Thus improperly disclosing the finance charge in violation of 15 USC section 1638 (a) (3) and Regulation Z section 226.18 (d). Such amounts include, but are not limited to

   i.    The broker fee.
   ii.   The credit report fee, which is not a bona fide and reasonable fee.
   iii.  The recording fees in excess of the actual recording fee which are therefore not a "bona fide and reasonable" fee.
   iv.   The settlement or Closing fee.

b. By improperly including certain charges, in the amount financed, which are finance charges, including but not limited to those itemized in Paragraph 12 (a) herein, the Defendant improperly disclosed the amount financed in violation of 15 U.S.C. section 1638 (a) (2) and Regulation Z, section 226.18 (b); and

c. By calculating the annual percentage rate (APR) based upon improperly calculated and disclosed finance charges and amount financed, 15 U.S.C. section 1606, Regulation Z, section 226.22, the Defendant understated the disclosed annual percentage rate in violation of 15 U.S.C. section 1638 (a) (4) and Regulation Z, section 226.18 (c).

14.

The disclosures improperly made by Defendants as itemized in paragraph 13 are material disclosures as defined in the Truth in Lending Act, 15 U.S.C. section 1602 (u), Regulation Z226.23 n. 48.

15.

The finance charge and APR were underdisclosed by more that the tolerance Levels set forth in U.S.C. section 1635 (f).

16.

By reason of the material violations of 15 U.S.C. section 1638, Plaintiff has a right of rescission for three years from the date of consummation of the loan pursuant to 15 U.S.C. (f).

17.

Plaintiff rescinded the transaction by sending to Defendants at their business addresses by mail a notice of rescission.

18.

More than 20 calendar days have passed and Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under this transaction, including the security interest describe as required by 15 U.S.C. section 1635 (b) and Regulation Z section 226.23 (d) (2).

19.

The Defendants have failed to return to the Plaintiff any money or property given by the Plaintiff to anyone, including the Defendant, as required by 15 U.S.C. 1635 (b) and Regulation Z 226.23 (d) (2).

20.

As a result of the aforesaid violations of the Act and Regulation Z, pursuant to 15 U.S.C. sections 1635 (a), 1640 (a), and 1641 (c), Defendant is liable to Plaintiff for:

a. Rescission of this transaction.
b. Termination of any security interest in Plaintiff's property created under the transaction
c. Return of any money or property given by the Plaintiff to anyone including the Defendant, in connection with this transaction.
d. Statutory damages for disclosure violations.
e. Statutory damages for failure to respond properly to Plaintiff's rescission notice.
f. Forefeiture of return of loan proceeds.
g. Actual damages in an account to be determined at trial.
h. Costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, it is respectfully prayed that this Court:

1. Assume jurisdiction of this case.
2. Declare the security interest in Plaintiff's home void.
3. Rescind the subject loan transaction.

4. Order Defendant to take all action necessary to terminate any security interest in Plaintiff's property created under the transaction and that the Court declare all such security interest void, including but not limited to the mortgage related to the subject transaction.

5. Order the return to the Plaintiff of any money or property given by the Plaintiff to anyone, including Defendants, in connection with the transaction.

6. Enjoin Defendant, during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings and sale on the Plaintiff's property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiff of ownership of the property.

7. Award the Plaintiff statutory damages for the disclosure violation, in the amount of twice the finance charge in connection with this transaction, but not less than $200 or more than $2,000 as provided under 15 U.S.C. section 1640 (a).;

8. Award the Plaintiff statutory damages for Defendant's failure to respond properly to the Plaintiff's rescission notice, in the amount of twice the finance charge in connection with this transaction, but not less than $200 or more than $2,000 as provided under 15 U.S.C. 1640 (a).

9. Order that, because of Defendant's failure to respond to the Plaintiff's notice of rescission, the Plaintiff has no duty to tender, but in the alternative, if tender is required, determine the amount of the tender obligation in light of all of the Plaintiff's claims, and order the Defendant to accept tender on reasonable terms and over a reasonable period of time;

10. Award actual damages in an amount to be established at trial;

11. Award Plaintiff costs

12. Award such other and further relief as the Court deems just and proper.

## VERIFICATION

Plaintiff/Affiant declares that he has read the foregoing Verified Complaint and under penalty of perjury that the foregoing facts and allegations as contained therein are true and correct.

_____    _____
Lyndon Genoso, Plaintiff/Affiant        Date 5/5/08

MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER

21.

Plaintiff further moves this Honorable Court Ex Parte for a Temporary Restraining Order enjoining and restraining the named Defendants selling the subject Property at a foreclosure sale scheduled for May 7, 2008.

22.

Plaintiff will suffer irreparable injury if the foreclosure sale scheduled for May 7, 2008 is not enjoined until plaintiff has a fair and adequate opportunity to have his claims heard. Plaintiff may well have the right to rescind the subject mortgage loan transaction. 15 USC 1635 (f) provides for a three (3) year limitation. Further, it is likely that plaintiff will prevail on his claims.

23.

In an abundance of caution and based upon legal and equitable considerations, this Court should enter a Preliminary Temporary Restraining Order to enjoin the foreclosure sale scheduled for May 7, 2008 to allow Plaintiff and Defendant to set forth their respective claims.

24.

This motion is filed on an emergency basis in that if the foreclosure sale scheduled for May 7, 2008 goes forward, that Plaintiff will lose the property, possession of the property and all of his equity in the property even if his claims are meritorious. Plaintiff requests that the Court grant a Preliminary Temporary Restraining Order without bond, as plaintiff is unable to provide a bond of any kind or type.

25.

When the potential harm to plaintiff is balanced against the rights of the

defendants, greater injury will be inflicted upon plaintiff in the loss of his home than upon defendants.

26.

The public interest will be served by allowing plaintiff to remain in the home, preventing him from becoming homeless.

27.

Plaintiff has attempted to give notice of these proceedings and this request for a temporary restraining Order as evidenced by the certificate of service which accompanies this request.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court grant to him the following relief:

28.

Accept jurisdiction over the parties and the subject matter of this cause, and

29.

Enter a Preliminary Temporary Restraining Order enjoining and restraining the foreclosure sale scheduled for May 7, 2008, and

30.

Grant the Preliminary Restraining Order without bond.

31.

Grant such other and further relief as the Court deems equitable, appropriate and just.

## **VERIFICATION**

Before me the undersigned authority duly authorized to administer oaths, personally appeared Lyndon Genoso, Plaintiff/Affiant, who, after being duly sworn, deposes and

Lyndon Genoso - VERIFIED COMPLAINT AND EMERGENCY MOTION FOR EX PARTE TRO
- 16

1  says that he has read the foregoing Verified Complaint and emergency Motion for Ex

3  Parte Temporary Restraining Order, and that, under the penalty of perjury, that the facts

5  and allegations contained therein are true and correct.

_____          5/5/08
Lyndon Genoso, Plaintiff/Affiant              Date

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Verified Complaint and Motion for Ex Parte Temporary Restraining Order has been furnished by Certified Mail Return Receipt Requested to Defendant COUNTRYWIDE at PO Box 10219, Van Nuys, CA 91410 this 5th day of May, 2008.

_____
Lyndon Genoso, Plaintiff, Pro Se
1456 Princess Manor Court
Chula Vista, CA 91911
Phone

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Lyndon Genoso, Pro se

**(b)** County of Residence of First Listed Plaintiff  **SAN DIEGO**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Lyndon Genoso, Pro se, 1456 Princess Manor Court
Chula Vista, CA 91911, (858) 382-8179

## DEFENDANTS
COUNTRYWIDE HOME LOANS, HSBC MORTGAGE CORPORATION, USA

County of Residence of First Listed Defendant  **Los Angeles**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)   '08 CV 0837 W NLS

FILED
08 MAY -8 PM 1:42
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☒ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1601 ET SEQ.

Brief description of cause:
TRUTH IN LENDING VIOLATIONS

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  05/05/2008
SIGNATURE OF ATTORNEY OF RECORD  /s/ Lyndon B. Gen___

**FOR OFFICE USE ONLY**
RECEIPT # 150724   AMOUNT $350 —   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___
MB 05/08/08

```
         UNITED STATES
         DISTRICT COURT
      SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

      # 150724      - MB

         May 08, 2008
           13:43:01


         Civ Fil Non-Pris
   USAO #.: 08CV0837 CIVIL FILING
   Judge..: THOMAS J WHELAN
   Amount.:              $350.00 CK
   Check#.: PC5268



      Total->   $350.00


   FROM: LYNDON GENOSO, PRO SE VS
         COUNTRYWIDE HOME LOANS,
         HSBC MORTGAGE CORP, USA
```