```
                                                    FILED
                                                    2008 MAY 13  AM 11: 26
                                                    CLERK US DISTRICT COURT
                                                    SOUTHERN DISTRICT OF CALIFORNIA

                                                    BY_____ /s/ ____DEPUTY
```

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNDON GENOSO,<br><br>                              Plaintiff,<br>vs.<br><br>COUNTRYWIDE HOME LOANS, et al.,<br><br>                             Defendants. | CASE NO. 08-CV-0837 W (NLS)<br><br>ORDER DENYING MOTION FOR AN EX PARTE TEMPORARY RESTRAINING ORDER AS MOOT |

      On May 8, 2008, Plaintiff Lyndon Genoso filed this lawsuit against Defendants for alleged violations of the Federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* Along with the Verified Complaint, Plaintiff filed a motion for an ex parte temporary restraining order to enjoin Defendants from selling Plaintiff's residence at a foreclosure sale scheduled for May 7, 2008.

      The Federal Rules of Civil Procedure outline the procedures a federal court must follow when deciding whether to grant a temporary restraining order. <u>See</u> Fed. R. Civ. P. 65. The standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction. <u>Bronco Wine Co. v. U.S. Dep't of Treasury</u>, 997 F. Supp. 1309, 1313 (E.D. Cal. 1996); <u>Franklin v. Scribner</u>, Civil No. 07-0438 BTM (LSP), 2007 WL 1491100, at *3 (S.D. Cal. May 21, 2007). The Ninth Circuit has prescribed the following equitable criteria for determining whether to grant injunctive relief:

(1) the likelihood of the moving party's success on the merits; (2) the possibility of irreparable injury to the moving party if relief is not granted; (3) the extent to which the balance of hardships favors the respective parties; and (4) in certain cases, whether the public interest will be advanced by granting the preliminary relief. The moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) the existence of serious questions going to the merits, the balance of hardships tipping sharply in its favor, and at least a fair chance of success on the merits... [T]he required degree of irreparable harm increases as the probability of success decreases.

Owner Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co., 367 F.3d 1108, 1111 (9th Cir. 2004) (quoting Miller ex. rel. N.L.R.B. v. Cal. Pac. Med. Ctr., 19 F.3d 449, 456 (9th Cir. 1994)). The temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 439 (1974); accord L.A. Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1200 (9th Cir. 1980); Del Toro-Chacon v. Chertoff, 431 F. Supp. 2d 1135, 1139-40 (W.D. Wash. 2006).

Here, Plaintiff's motion seeks to enjoin the foreclosure sale scheduled for May 7, 2008. (Comp., ¶21.) However, Plaintiff did not file the Complaint until May 8, 2008. (See Doc. No. 1, p.1.) Because this action was filed the day after the foreclosure sale, Plaintiff's motion is **DENIED** as moot.

IT IS SO ORDERED.

Dated: May 12, 2008

HON. THOMAS J. WHELAN
United States District Court
Southern District of California