Stacey L. Herter, California Bar No. 185366
    Stacey.herter@bryancave.com
**BRYAN CAVE LLP**
1900 Main Street, Suite 700
Irvine, California 92614-7328
Telephone:  (949) 223-7000
Facsimile:   (949) 223-7100

Attorneys for Defendant
COUNTRYWIDE HOME LOANS, INC.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNDON GENOSO, Pro Se<br><br>Plaintiff,<br><br>vs.<br><br>COUNTRYWIDE HOME LOANS, a domestic corporation, and HSBC MORTGAGE CORPORATION, USA<br><br>Defendants. | Case No. 08-CV-0837 W NLS<br><br>**COUNTRYWIDE HOME LOANS, INC.'S ANSWER TO COMPLAINT**<br><br>Complaint Filed:  May 8, 2008 |

Defendant Countrywide Home Loans, Inc. ("Countrywide") answers the Complaint of Plaintiff Lyndon Genoso ("Plaintiff"), as follows:

1.  Answering Paragraph 1 of the Complaint, the allegations in this Paragraph constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, Countrywide denies each such allegation.

2.  Answering Paragraph 2 of the Complaint, the allegations in this Paragraph constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, Countrywide denies each such allegation.

3. Answering Paragraph 3 of the Complaint, Countrywide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph, and therefore denies each and every allegation contained in this Paragraph. To the extent the allegations in this Paragraph constitute legal conclusions, no response is required.

4. Answering Paragraph 4 of the Complaint, Countrywide denies that its principal place of business is located in Van Nuys, California. Countrywide admits that it is a licensed lender in the State of California, that it loans money to persons for the purchase of residential property, that it charges interest on loans to borrowers, and that it permits borrowers to repay the loans in installments. Countrywide denies all remaining allegations set forth in Paragraph 4.

5. Answering Paragraph 5 of the Complaint, Countrywide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph, and therefore denies each and every allegation contained in this Paragraph. To the extent the allegations in this Paragraph constitute legal conclusions, no response is required.

6. Answering Paragraph 6 of the Complaint, Countrywide admits that it is a licensed lender in the State of California, that it loans money to persons for the purchase of residential property, that it charges interest on loans to borrowers, and that it permits borrowers to repay the loans in installments. Countrywide denies all remaining allegations set forth in Paragraph 6.

7. Answering Paragraph 7 of the Complaint, Countrywide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph, and therefore denies each and every allegation contained in this Paragraph. To the extent the allegations in this Paragraph constitute legal conclusions, no response is required.

8. Answering Paragraph 8 of the Complaint, Countrywide lacks knowledge or information sufficient to form a belief as to the truth of the allegations

BRYAN CAVE LLP
1900 MAIN STREET, SUITE 700
IRVINE, CALIFORNIA 92614-7328

contained in this Paragraph, and therefore denies each and every allegation contained in this Paragraph. To the extent the allegations in this Paragraph constitute legal conclusions, no response is required.

9. Answering Paragraph 9 of the Complaint, Countrywide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph, and therefore denies each and every allegation contained in this Paragraph. To the extent the allegations in this Paragraph constitute legal conclusions, no response is required.

10. Answering Paragraph 10 of the Complaint, Countrywide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph, and therefore denies each and every allegation contained in this Paragraph. To the extent the allegations in this Paragraph constitute legal conclusions, no response is required.

11. Answering Paragraph 11 of the Complaint, Countrywide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph, and therefore denies each and every allegation contained in this Paragraph. To the extent the allegations in this Paragraph constitute legal conclusions, no response is required.

12. Answering Paragraph 12 of the Complaint, Countrywide denies each allegation contained in this Paragraph.

13. Answering Paragraph 13 of the Complaint, Countrywide denies each allegation contained in this Paragraph.

14. Answering Paragraph 14 of the Complaint, Countrywide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph, and therefore denies each and every allegation contained in this Paragraph. To the extent the allegations in this Paragraph constitute legal conclusions, no response is required.

15. Answering Paragraph 15 of the Complaint, Countrywide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph, and therefore denies each and every allegation contained in this Paragraph. To the extent the allegations in this Paragraph constitute legal conclusions, no response is required.

16. Answering Paragraph 16 of the Complaint, Countrywide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph, and therefore denies each and every allegation contained in this Paragraph. To the extent the allegations in this Paragraph constitute legal conclusions, no response is required.

17. Answering Paragraph 17 of the Complaint, Countrywide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph, and therefore denies each and every allegation contained in this Paragraph. To the extent the allegations in this Paragraph constitute legal conclusions, no response is required.

18. Answering Paragraph 18 of the Complaint, Countrywide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph, and therefore denies each and every allegation contained in this Paragraph. To the extent the allegations in this Paragraph constitute legal conclusions, no response is required.

19. Answering Paragraph 19 of the Complaint, Countrywide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph, and therefore denies each and every allegation contained in this Paragraph. To the extent the allegations in this Paragraph constitute legal conclusions, no response is required.

20. Answering Paragraph 20 of the Complaint, the allegations in this Paragraph constitute legal conclusions for which no response is required. To the

BRYAN CAVE LLP
1900 MAIN STREET, SUITE 700
IRVINE, CALIFORNIA 92614-7328

extent a response is deemed necessary, Countrywide denies each allegation, including Plaintiff's claim that he is entitled to any relief in this action.

## AFFIRMATIVE DEFENSES

1. Countrywide specifically reserves the right to amend this Answer to allege further affirmative defenses if additional defenses become apparent throughout the course of litigation. Notwithstanding the foregoing and without waiving any right to assert additional defenses, Countrywide alleges the following affirmative defenses that it now knows to be applicable to Plaintiff. As and for its separate and independent affirmative defenses in this action, and without conceding that it bears the burden of proof or persuasion as to any affirmative defense, Countrywide alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

2. The Complaint and each and every claim for relief alleged therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

### SECOND AFFIRMATIVE DEFENSE
(Statute of Limitations)

3. The Complaint and each and every claim for relief alleged therein, is barred by all applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE
(No Standing)

4. Plaintiff lacks standing to seek some or all of the relief sought in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE
(No Injury in Fact)

5. Plaintiff's claims are barred on the ground and to the extent that Plaintiff has suffered no injury in fact with respect to the facts alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

(Failure to Join Necessary Parties)

6. Plaintiff has failed to name necessary parties to secure the relief sought by the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

(Failure to Discharge Conditions Precedent)

7. Plaintiff is not entitled to bring and/or recover on this action in that she has failed to discharge each of the conditions precedent to suit, including, without limitation, his failure to exhaust available administrative remedies.

## SEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

8. The Complaint, and the claim stated therein, are each barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

(Superseding and/or Intervening Cause)

9. To the extent that Plaintiff alleges that his purported damages were somehow triggered by the acts or omissions of Countrywide, there existed a superseding and/or intervening cause for such damages for which Countrywide bears no obligation, responsibility, or liability.

## NINTH AFFIRMATIVE DEFENSE

(Comparative Negligence)

10. Plaintiff's alleged damages and the occurrences alleged in the Complaint were caused by the negligence and/or fault of other persons or entities, whether or not parties to this action, and Countrywide's alleged liability should be reduced accordingly.

### TENTH AFFIRMATIVE DEFENSE

(Estoppel)

11.  The Complaint, and each and every claim for relief alleged therein, is barred because Plaintiff is estopped from seeking recovery from Countrywide because, among other things, Plaintiff has acted in a manner inconsistent with having enforceable rights against Countrywide.

### ELEVENTH AFFIRMATIVE DEFENSE

(Waiver)

12.  The Complaint, and each and every claim for relief alleged therein, is barred because Plaintiff has waived any right to recovery by taking actions that are inconsistent with the ownership and exercise of the rights claimed in the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

(Laches)

13.  The Complaint, and each and every claim for relief alleged therein, is barred by the equitable doctrine of laches because of the unreasonable and prejudicial delay by Plaintiff in filing this action.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Good Faith)

14.  Countrywide and its agents acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known at the time that such actions were taken. Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

### FOURTEENTH AFFIRMATIVE DEFENSE

(No Damages)

15.  Countrywide is informed and believes and based thereon alleges that Plaintiff has not suffered any damage as a result of any actions taken by Countrywide, and Plaintiff is thereby barred from asserting any claim against Countrywide.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (No Right to Attorneys' Fees or Costs)

16. Plaintiff is not entitled to recovery of attorneys' fees or costs from Countrywide as alleged in the Complaint. In the alternative, to the extent that Plaintiff is entitled to recover attorneys' fees or costs, such fees and costs are barred on the ground and to the extent they were not reasonably incurred or were incurred at an excessive rate.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (No Irreparable Harm)

17. Plaintiff is not entitled to any injunctive, declaratory, or other equitable relief because she has not suffered any irreparable harm.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

18. Plaintiff failed properly to mitigate his alleged damages and therefore is precluded from recovering those alleged damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Defenses Under Federal Rules of Civil Procedure)

19. Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure. The extent to which Plaintiff's claims may be barred cannot be determined until Countrywide has an opportunity to complete discovery. Therefore, Countrywide incorporates all such affirmative defenses as though fully set forth herein.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Reservation of Defenses)

20. Countrywide alleges all other defenses that may potentially become available as a result of information developed through discovery or trial.

WHEREFORE, having fully answered Plaintiff's Complaint, Countrywide prays for relief as follows:

1.  1. That Plaintiff take nothing by his Complaint;
2.  2. That the Complaint be dismissed, in its entirety, with prejudice;
3.  3. That judgment be entered in Countrywide's favor and against Plaintiff;
4.  4. That Countrywide be awarded its costs of suit; and
5.  5. That Countrywide be awarded such other and further relief as the Court
6.  deems just and proper.

Dated: June 30, 2008

Stacey L. Herter
BRYAN CAVE LLP

By: _____
Stacey L. Herter
Attorneys for Defendant
COUNTRYWIDE HOME LOANS, INC.

BRYAN CAVE LLP
1900 MAIN STREET, SUITE 700
IRVINE, CALIFORNIA 92614-7328